WALID ABDUL-RAHIM (State Bar No. 141940) (*Admission Pending*)
RAYMOND P. BOLANOS (State Bar No.142069)
AT&T SERVICES, INC. LEGAL DEPT.
5005 Executive Parkway, 3rd Floor North
San Ramon, California 94583
Telephone: (415) 632-9158
Email:  wa3956@att.com

Attorneys for Defendant
Cricket Wireless LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIEBO CAO, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CRICKET WIRELESS LLC,<br><br>Defendant. | CASE NO:  5:24-cv-02293-JGB-DTB<br><br>**CRICKET WIRELESS LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND**<br><br>**Hon. Judge Jesus G. Bernal**<br>**United States District Judge** |

Defendant Cricket Wireless LLC ("Cricket") answers Plaintiff's Class Action Complaint and Jury Demand ("the Complaint") as follows:

1. Cricket denies on information and belief the allegations in paragraph 1.

2. Cricket denies the allegations in paragraph 2.

3. Cricket is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3 and 4, and on that basis, denies those allegations.

CRICKET WIRELESS LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND

4. Cricket is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3 and 4, and on that basis, denies those allegations, but Cricket admits that this Court has personal jurisdiction over Cricket.

5. Cricket is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and on that basis, denies those allegations.

6. Cricket is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and on that basis, denies those allegations, but Cricket admits that its headquarters are in Atlanta, Georgia.

7. Cricket is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 8 through 11, and on that basis, denies those allegations.

8. Cricket denies the allegations in paragraphs 12 through 19.

9. Cricket is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 20 through 22, and on that basis, denies those allegations.

10. Cricket denies the allegations in paragraph 23.

11. Cricket denies on information and belief the allegations in paragraphs 24 and 25.

12. The allegations in paragraphs 26 and 27 are legal conclusions and do not require an answer.

13. Cricket denies the allegations in paragraph 28.

14. Cricket denies on information and belief the allegations in paragraph 29.

15. Cricket denies the allegations in paragraphs 30 through 32.

16. Cricket is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, and on that basis, denies those allegations.

17. Cricket denies the allegations in paragraphs 34 and 35.

## COUNT I

## VIOLATION OF 47 U.S.C. 227(c) and 47 C.F.R. 64.1200(d)

18. Answering paragraph 36, Defendant realleges its answers to paragraphs 1-35.

19. Cricket denies the allegations in paragraph 19 but admits that 47 C.F.R. 64.1200(d) is accurately cited in paragraph 19.

20. The allegations in paragraph 20 are legal conclusions and do not require an answer.

21. Cricket is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 39 through 41, and on that basis, denies those allegations.

22. Cricket denies the allegations in paragraphs 42 through 51.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense (Failure to State a Claim):** Plaintiff's Complaint fails to state any claim upon which relief can be granted.

**Second Affirmative Defense (Compliance with Laws):** Plaintiff's claims are barred because Cricket's conduct is not unlawful in that Cricket complies with applicable statutes and regulations.

**Third Affirmative Defense (Consent):** Plaintiff's and/or putative class members' claims are barred because they consented to any calls that they allegedly received.

**Fourth Affirmative Defense (Business Relationship):** Plaintiff's and/or putative class members' claims are barred because they had an established business relationship with Cricket.

**Fifth Affirmative Defense (No Willful/Knowing Conduct):** Plaintiff's and/or putative class members' claims are barred because Cricket did not engage in willful and/or knowing conduct.

**Sixth Affirmative Defense (Estoppel):** Plaintiff's claims are barred in part or in whole by the doctrine of estoppel.

**Seventh Affirmative Defense (Waiver):**  Plaintiff's claims are barred in part or in whole by the doctrine of waiver.

**Eighth Affirmative Defense (Unclean Hands):**  Plaintiff's claims are barred in part or in whole by the doctrine of unclean hands.

**Ninth Affirmative Defense (Contractual Terms - Arbitration):**  The Complaint is barred and/or limited by virtue of the terms and provisions of an agreement entered into between Cricket and or on behalf of Plaintiff, including to resolve any disputes with Cricket by arbitration on an individual basis. Plaintiff's claims and those of putative class members must be arbitrated pursuant to their arbitration agreements.

**Tenth Affirmative Defense (Class Certification Improper):**  Class certification of this suit is improper and should be denied. Plaintiffs' claims, in whole or in part, may not be maintained as a class action for failure to satisfy all of the requirements of Fed. R. Civ. P. 23.

**Eleventh Affirmative Defense (Commonality):**  Questions of law or fact common to the class are not substantially similar and do not predominate over questions affecting the individual members.

**Twelfth Affirmative Defense (Adequacy of Representation):**  The named Plaintiff is not a member or is not an adequate representative of the alleged class Plaintiff seeks to represent.

**Thirteenth Affirmative Defense (Not Ascertainable):**  The class proposed in the Complaint is no ascertainable.

**Fourteenth Affirmative Defense (Typicality):**  The named Plaintiffs do not have claims or defenses which are typical of the class proposed in the Complaint.

**Fifteenth Affirmative Defense (No Substantial Benefit):** Maintenance of the claims of the class proposed in the Complaint as a class action will not provide substantial benefits to the Court and to the parties.

WHEREFORE, Cricket prays for judgment as follows:

(a) Plaintiff be awarded nothing in the above captioned action, and the action be dismissed;

(b) Judgment be entered in favor of Cricket;

(c) Cricket be awarded costs of this suit; and

(d) Certification of the Plaintiff's class be denied; and

(d) Such other relief as the Court deems appropriate.

DATED: December 23, 2024    AT&T SERVICES, INC. LEGAL DEPT.

By: */s/ Raymond P. Bolaños*
RAYMOND P. BOLAÑOS
Attorneys for Defendant
Cricket Wireless LLC

CRICKET WIRELESS LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND